FILED
June 7, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:      JF
        Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADRIAN O. PENA,<br>     Defendant. | UNDER SEAL   AU:22-CR-00124-RP<br><br>Criminal No.<br><br>Counts 1 - 11: 18 U.S.C.<br>§ 1039(c)(1) (Obtaining<br>Confidential Phone Records)<br><br>Counts 12 - 13: 18 U.S.C.<br>§ 1001(a)(2)<br>(False Statements)<br><br>Count 14: 18 U.S.C. §§ 1519 & 2<br>(Falsification of a Record)] |

## INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise specified:

1.  Between no later than in or around September 2016 through at least in or around October 2017, the defendant, ADRIAN O. PENA, while serving as a Deputy United States Marshal, illegally used a law enforcement service for personal reasons on numerous occasions to obtain the approximate location of cellular telephones belonging to people with whom he had personal relationships and their spouses. PENA gained access to the service by submitting false and fraudulent documents and by falsely and fraudulently certifying that those documents were official documents giving permission to obtain the requested location information. When confronted about his scheme, PENA lied to law enforcement officials about his use of the service for personal reasons and caused one of his personal associates to sign an affidavit falsely stating that she had provided PENA with permission to locate her cellular telephone at all times.

1

**BACKGROUND**

Securus Technologies

2. Securus Technologies ("Securus") was a private company headquartered in the Dallas, Texas area, that provided inmate telecommunications services to thousands of correctional facilities throughout the United States. Securus contracted with local, state, and federal authorities in the United States to operate and maintain a telecommunications platform and call processing system that provided telecommunications services to inmates.

3. Beginning in or around 2013, in addition to providing inmate telecommunications services to correctional facilities, Securus also offered a service called Location Based Services ("LBS") to its law enforcement clients. The On Demand feature of the LBS platform allowed registered users to obtain approximate latitude and longitude coordinates associated with a particular cellular telephone number ("location data"). Securus purchased the location data from 3Cinteractive Corporation, which was located in Boca Raton, Florida. 3Cinteractive Corporation, in turn, purchased such data from Technocom Corporation (doing business as LocationSmart), which was located in Carlsbad, California. Technocom Corporation (doing business as LocationSmart) purchased this data directly from telecommunications services providers. This capability enabled Securus's registered users to obtain the location data entered in the LBS platform, or, in other words, to ascertain the approximate physical location of a particular cellular telephone on demand.

4. Securus permitted the use of its LBS platform only for official and authorized law enforcement purposes pursuant to a contractual agreement. In order to ensure that the LBS platform was used only for official and authorized law enforcement purposes, Securus required each law enforcement user of the LBS platform to access the LBS platform using a unique username and password. In order to obtain location data using the LBS platform, each registered

user was required to log into the LBS platform and manually to enter the telephone number associated with the cellular telephone that the user was attempting to locate.

5. In order further to ensure that the LBS platform was used only for official and authorized law enforcement purposes, each use of the LBS platform required the registered user to upload a document and manually to check a box directly underneath the statement: "By checking this box, I hereby certify the attached document is an official document giving permission to look up the location on this phone number requested." Only after uploading a document and making the required certification could a registered user obtain cellular telephone location data using the LBS platform.

6. After a registered user entered a telephone number, uploaded a document, made the required certification, and clicked a button labeled "Get Location," the LBS platform provided approximate latitude and longitude coordinates associated with the cellular telephone using that telephone number, generated a map with a pin placed at those latitude and longitude coordinates, and provided an address associated with the identified location.

7. If a user failed to upload a document or to check the certification box, the LBS platform would reject the user's location data request.

<u>Uvalde County Sheriff's Office</u>

8. Beginning in or around 2011, Securus contracted with Uvalde County, Texas, which was within the Western District of Texas, in order to provide inmate telecommunications and maintenance services at the Uvalde County Justice Center. Inmates were able to pay a fee to Securus in order to make telephone calls to individuals located outside the detention facility. Securus recorded these telephone calls and provided the Uvalde County Sheriff's Office with access to the recorded calls.

3

9. In or around 2014, Securus and Uvalde County entered into an amended contract that included access by Uvalde County law enforcement personnel to the LBS platform. In accordance with this contract, Securus provided access to the LBS platform to law enforcement officers working in the Uvalde County Sheriff's Office. The amended contract further provided that Uvalde County would provide access to the LBS platform only to law enforcement personnel acting in furtherance of their official duties and using the platform for lawful purposes.

10. The defendant, ADRIAN O. PENA, was employed as a Deputy United States Marshal by the United States Marshals Service. As part of his official duties as a Deputy United States Marshal, PENA was assigned to the Lone Star Fugitive Task Force in the Uvalde County Sheriff's Office.

11. In or around March 2014, PENA was granted access to the LBS platform as part of his official duties at the Uvalde County Sheriff's Office. In order to access the Securus LBS platform, PENA used his unique login name and password, which were provided to him by the Uvalde County Sheriff's Office as part of his official duties as a Deputy United States Marshal.

PENA's Misuse of the LBS Platform to Locate Individuals for Personal Reasons

12. Although PENA was authorized to use the LBS platform only for official and authorized law enforcement purposes, PENA on numerous occasions used the LBS platform to obtain location data associated with the cellular telephones of his personal associates, including individuals with whom PENA was or had been in a personal relationship and their spouses.

13. To obtain location data relating to these individuals' cellular telephones, PENA uploaded false and fraudulent documents to the Securus LBS platform, including blank pages, award certificates, a list of justifications for a merit promotion, letterhead templates, and other

assorted documents. These documents were not official and did not provide PENA with permission to obtain cellular telephone location data from Securus.

14. After PENA uploaded each false and fraudulent document to the Securus LBS platform, PENA falsely checked a box certifying as follows: "By checking this box, I hereby certify the attached document is an official document giving permission to look up the location on this phone number requested." PENA did not, in fact, attach an official document that gave him permission to look up the location of the cellular telephone number he requested.

15. After uploading the false and fraudulent document, PENA entered a cellular telephone number belonging to the individual PENA wished to locate, and clicked a button labeled "Get Location," causing location information relating to the cellular device at issue to be transmitted by interstate wire from the relevant telecommunications services provider to PENA.

16. Through this process, PENA repeatedly obtained cellular telephone location data relating to his personal associates and their relatives through misrepresentations and without the required official documentation or authorization. These queries were performed for personal and unofficial reasons and were not authorized by the United States Marshals Service, the Uvalde County Sheriff's Office, or any other law enforcement agency or intelligence agency.

<u>PENA's False Statements and Obstruction of Justice</u>

17. When confronted by investigators about his misuse of the Securus LBS platform, PENA lied by falsely denying that he had used the LBS system to obtain cellular telephone location data relating to his personal associates and their relatives.

18. Shortly after learning that he was under investigation for his unauthorized and fraudulent misuse of the LBS platform to obtain cellular telephone location data relating to his personal associates and their relatives, PENA drafted a false statement that purported to be

5

authored by one of the personal associates whom PENA tracked without authorization.  PENA caused his personal associate to sign the false statement and to have it notarized, in order to obstruct the investigation of PENA.

**COUNTS 1-7**
**18 U.S.C. § 1039(c)(1)**
**(Fraud and related activity in connection with obtaining**
**confidential phone records information of a covered entity)**

19. The allegations contained in paragraphs 1 through 18 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set out herein.

20. On or about each of the dates set forth below, in the Western District of Texas and elsewhere, the defendant,

**ADRIAN O. PENA,**

not as permitted by applicable law, did knowingly and intentionally receive, and attempt to receive, in interstate commerce, confidential phone records information of a covered entity, to wit, location data associated with the cellular telephone numbers and users identified below, without prior authorization from the customer to whom such confidential phone records information related, and knowing and having reason to know such information was obtained fraudulently, as follows:

| COUNT | DATE | PHONE RECORDS INFORMATION | UPLOADED DOCUMENT |
|---|---|---|---|
| 1 | September 27, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX64 used by PERSON A | Blank doc.docx uploaded as official document to Securus LBS platform |
| 2 | October 29, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX81 used by PERSON A | Performance Measures C&Es 2018.docx uploaded as official document to Securus LBS platform |
| 3 | July 16, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX25 used by PERSON B | Blank doc.docx uploaded as official document to Securus LBS platform |

| COUNT | DATE | PHONE RECORDS INFORMATION | UPLOADED DOCUMENT |
|---|---|---|---|
| 4 | July 16, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX28 used by PERSON C | Blank doc.docx uploaded as official document to Securus LBS platform |
| 5 | July 16, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX15 used by PERSON D | Blank doc.docx uploaded as official document to Securus LBS platform |
| 6 | June 14, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX75 used by PERSON E | Cert Of Compl. Uvalde County SO.docx uploaded as official document to Securus LBS platform |
| 7 | September 6, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX59 used by PERSON F | LSFTF Banner.docx uploaded as official document to Securus LBS platform |

All in violation of Title 18, United States Code, Section 1039(c)(1).

# COUNTS 8-11
## 18 U.S.C. § 1039(c)(1)
### (Fraud and related activity in connection with obtaining confidential phone records information of a covered entity)

21. The allegations contained in paragraphs 1 through 18 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set out herein.

22. On or about each of the dates set forth below, in the Western District of Texas and elsewhere, the defendant,

**ADRIAN O. PENA,**

not as permitted by applicable law, did knowingly and intentionally receive, and attempt to receive, in interstate commerce, confidential phone records information of a covered entity, to wit, location data associated with the cellular telephone numbers and users identified below, knowing and having reason to know such information was obtained fraudulently, as follows:

| COUNT | DATE | PHONE RECORDS INFORMATION | UPLOADED DOCUMENT |
|---|---|---|---|
| 8 | July 16, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX45 used by PERSON G | Blank doc.docx uploaded as official document to Securus LBS platform |
| 9 | July 16, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX48 used by PERSON H | Blank doc.docx uploaded as official document to Securus LBS platform |
| 10 | July 16, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX38 used by PERSON H | Blank doc.docx uploaded as official document to Securus LBS platform |

| COUNT | DATE | PHONE RECORDS INFORMATION | UPLOADED DOCUMENT |
|---|---|---|---|
| 11 | July 16, 2017 | Telephone location data pertaining to cellular telephone number (XXX) XXX-XX33 used by PERSON I | Blank doc.docx uploaded as official document to Securus LBS platform |

All in violation of Title 18, United States Code, Section 1039(c)(1).

## COUNT 12
18 U.S.C. § 1001(a)(2)
(False Statements)

23.     The allegations set forth in paragraphs 1 through 18 of this Indictment are hereby repeated, realleged, and incorporated by reference as if set forth fully herein.

24.     On or about November 14, 2017, in the Western District of Texas, the defendant,

**ADRIAN O. PENA,**

did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of any department or agency of the United States, that is, the defendant, ADRIAN O. PENA, during an interview with the Department of Justice, Office of the Inspector General, made the following underlined false statements:

| | |
|---|---|
| DOJ OIG 1: | Okay. Okay. That's fine. Other than yourself, have you ever pinged anybody using the system? You know, family members, friends, ex-girlfriend? |
| PENA: | <u>No.</u> |
| DOJ OIG 1: | You know. |
| PENA: | <u>No, sir.</u> But, there is like lost phones and stuff like that— |
| DOJ OIG 1: | Okay. |
| PENA: | —that a deputy lost a phone and— |
| DOJ OIG 1: | Right. |
| PENA: | —we're trying to find his phone and stuff like that. |
| DOJ OIG 1: | Okay. |
| PENA: | But, we, I have used it for, for work, you know. |
| DOJ OIG 1: | What would you say percentage, work versus personal? You know, 98 percent work, 2 percent personal? 90-10, 70-30? And again, this is an approximate number. |
| PENA: | <u>90, 99 percent of, of it is work.</u> I mean— |

11

| | |
|---|---|
| DOJ OIG 1: | Okay. |
| PENA: | <u>The, the times, the times that I've used it as, again, to find either a phone that's been lost or misplaced—</u> |
| DOJ OIG 1: | Um-hmm. |
| PENA: | <u>—or, that's basically it.</u> |
| DOJ OIG 1: | Okay. |
| PENA: | I've done test, tests on my phone. |

25. These statements and representations were false because, in truth and in fact, and as PENA well knew, PENA had used the Securus LBS platform for personal reasons on numerous occasions, including to obtain cellular telephone location data relating to individuals with whom PENA was or had been in a personal relationship and their spouses.

All in violation of Title 18, United States Code, Section 1001(a)(2).

# COUNT 13
18 U.S.C. § 1001(a)(2)
(False Statements)

26.     The allegations set forth in paragraphs 1 through 18 of this Indictment are hereby repeated, realleged, and incorporated by reference as if set forth fully herein.

27.     On or about November 14, 2017, in the Western District of Texas, the defendant,

**ADRIAN O. PENA,**

did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of any department or agency of the United States, that is, the defendant, ADRIAN O. PENA, during an interview with the Department of Justice, Office of the Inspector General, made the following underlined false statements:

| | |
|---|---|
| DOJ OIG 2: | But, did you ever use that system for personal use besides testing it with your own number? |
| PENA: | <u>No, sir.</u> |
| DOJ OIG 2: | You never used it for personal use? It was always law enforcement-related? |
| DOJ OIG 1: | Well, no. In fairness, I think you said there is a handful— |
| PENA: | For, oh— |
| DOJ OIG 1: | —a handful of times where you— |
| PENA: | Times for phones, so to find people's phones. I lost my phone and— |
| DOJ OIG 1: | Well, but you said you, you looked up your, your own phone— |
| PENA: | Yes, sir. |
| DOJ OIG 1: | Did you ever look up, you know, you're married, right? |
| PENA: | Yes, sir. |
| DOJ OIG 1: | Your wife's phone? Did you ever look her up? |
| PENA: | Yeah, but she was right there with me. |
| DOJ OIG 1: | Okay. You know, a high school girlfriend or, you know. |

13

| | |
|---|---|
| PENA: | No. |
| DOJ OIG 1: | Whatever. Here, and this is what I was looking for, and I apologize. This is from— |
| DOJ OIG 2: | Did you do any like browsing? You know, like, like, you know, you're trying to find somebody? |
| PENA: | I've done test runs on, on it. |
| DOJ OIG 2: | Okay. Like what? On who? |
| PENA: | My phone. I have actually even test run it on deputies' phones where they'll ask me, hey, well— |
| DOJ OIG 2: | But they'll ask you. |
| PENA: | Yes. No, they'll ask. |
| DOJ OIG 2: | So you're not doing it without them knowing. |
| PENA: | No, no, no. Oh, no, no, no. And it's, because I don't even know their phones, I meant their phone numbers, and— |

28.  These statements and representations were false because, in truth and in fact, and as PENA well knew, PENA had used the Securus LBS platform for personal reasons on numerous occasions, including to obtain cellular telephone location data relating to individuals with whom PENA was or had been in a personal relationship and their spouses.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 14
18 U.S.C. §§ 1519 & 2
(Falsification of Records)

29. The allegations set forth in paragraphs 1 through 18 of this Indictment are hereby repeated, realleged, and incorporated by reference as if set forth fully herein.

30. On or about November 14, 2017, PENA was interviewed by Special Agents of the United States Department of Justice, Office of Inspector General, related to his use of the Securus LBS platform. On or about that same day, PENA contacted PERSON F, instructed PERSON F not to contact PENA on his government-issued cellular telephone, and asked PERSON F to meet PENA in person.

31. On or about November 25, 2017, PENA and PERSON F met in person. PENA told PERSON F that he needed a notarized letter stating, among other things, that PERSON F had given PENA permission to locate PERSON F's cellular telephone at all times. PENA drafted a statement to that effect, which was intended to appear as though PERSON F had written the statement. As PENA well knew, PERSON F had not, in truth and in fact, given PENA permission to locate PERSON F's cellular telephone at all times.

32. On or about November 25, 2017, in the Western District of Texas, the defendant,

**ADRIAN O. PENA,**

with intent to impede, obstruct, and influence, and in relation to and contemplation of, the investigation and proper administration of matters within the jurisdiction of a department and agency of the United States, knowingly falsified and made a false entry in a record and document, and caused the falsification and making of a false entry in a record and document, to wit: PENA drafted, and caused PERSON F to sign, a notarized statement that falsely stated that since 2012 PERSON F had given PENA access to all of PERSON F's social media and cell phone data, to

include call history, text messages, and cell phone location data, "24/7-365" and "without any restrictions," which falsification PENA well knew and contemplated was in relation to an investigation by the United States Department of Justice, Office of Inspector General.

All in violation of Title 18, United States Code, Sections 1519 and 2.

A TRUE BILL

███████████████

FOREPERSON

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

By: _____
Robert J. Heberle
Deputy Chief
Nicole R. Lockhart
Trial Attorney
Public Integrity Section